1   JULIE E. HOFER, SBN 152185
    julie@donahue.com
2   DANIEL J. SCHACHT,  SBN 259717
    daniel@donahue.com
3   DONAHUE GALLAGHER WOODS LLP
    1999 Harrison Street, 25th Floor
4   Oakland, California  94612-3520
    Telephone:    (510) 451-0544
5   Facsimile:    (510) 832-1486

6   Attorneys for Third Party Witness
    CROSSROADS TRADING CO., INC.
7

8   CHRISTOPHER Q. PHAM, SBN 206697
    cpham@johnsonpham.com
9   MARCUS F. CHANEY, SBN 245227
    mchaney@johnsonpham.com
10  JASON R. VENER, SBN 267941
    jvener@johnsonpham.com
11  JOHNSON & PHAM, LLP
    6355 Topanga Canyon Boulevard, Suite 326
12  Woodland Hills, California  91367
    Telephone:    (818) 888-7540
13  Facsimile:    (818) 888-7544

14  Attorneys for Plaintiff,
    FOREVER 21, INC.
15

16                  UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18

19  FOREVER 21, INC., a Delaware          Case No.  4:13-mc-80293-CW
    Corporation,
20                                        Underlying Central District of California Case
                  Plaintiff,              No.: CV-12-10807 ODW (JCGx)
21
          v.                              [PROPOSED] STIPULATED
22                                        PROTECTIVE ORDER
    NATIONAL STORES, INC., a California
23  Corporation, et al.,

24                Defendants.

25

26

27

28

DONAHUE
GALLAGHER WOODS
LLP
ATTORNEYS AT LAW
OAKLAND

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action and the underlying litigation, *Forever 21, Inc. v. National Stores, Inc. et al.*, United States District Court for the Central District of California, Civil Action No. CV12-10807 ODW (JCGx) (the "Action"), are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. By entering into this Protective Order, the parties acknowledge that Plaintiff Forever 21, Inc. ("Forever 21") does not concede to the jurisdiction of this Court in the Northern District of California, and waives no rights, in the event Forever 21 commences legal action against Crossroads Trading Co., Inc. ("Crossroads") in the Central District of California. Accordingly, the Court enters the following Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. As set forth in Section 14.4, below, this Protective Order does not entitle the parties to file confidential information under seal.

2. **DEFINITIONS**

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designated House Counsel: House Counsel who seeks access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

- 1 -

DONAHUE GALLAGHER WOODS LLP
ATTORNEYS AT LAW
OAKLAND

CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 [Intentionally omitted.]

2.10 <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action, including Crossroads Trading Co., Inc.

2.12 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to the Action but are retained to represent or advise a party to the Action and have appeared in the Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13 <u>Party</u>: any party to the Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15 <u>Professional Vendors</u>: persons or entities that provide litigation support services

- 2 -

1   (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and
2   organizing, storing, or retrieving data in any form or medium) and their employees and
3   subcontractors.

4       2.16   Protected Material: any Disclosure or Discovery Material that is designated as
5   "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6       2.17   Receiving Party: a Party that receives Disclosure or Discovery Material from a
7   Producing Party.

8   3.   SCOPE

9       The protections conferred by this Order cover not only Protected Material (as defined
10  above), but also (1) any information copied or extracted from Protected Material; (2) all copies,
11  excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations,
12  or presentations by Parties or their Counsel that might reveal Protected Material. However, the
13  protections conferred by this Order do not cover the following information: (a) any information
14  that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the
15  public domain after its disclosure to a Receiving Party as a result of publication not involving a
16  violation of this Order, including becoming part of the public record through trial or otherwise;
17  and (b) any information known to the Receiving Party prior to the disclosure or obtained by the
18  Receiving Party after the disclosure from a source who obtained the information lawfully and
19  under no obligation of confidentiality to the Designating Party. Any use of Protected Material at
20  trial shall be governed by a separate agreement or order.

21  4.   DURATION

22      Even after final disposition of this litigation, the confidentiality obligations imposed by
23  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court
24  order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all
25  claims and defenses in the Action, with or without prejudice; and (2) final judgment in the Action
26  after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the
27  Action, including the time limits for filing any motions or applications for extension of time
28  pursuant to applicable law.

DONAHUE
GALLAGHER WOODS
LLP
ATTORNEYS AT LAW
OAKLAND

- 3 -

PROTECTIVE ORDER                                CASE NO. 4:13-mc-80293-CW

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

- 4 -
DONAHUE
GALLAGHER WOODS
LLP
ATTORNEYS AT LAW
OAKLAND
PROTECTIVE ORDER     CASE NO. 4:13-mc-80293-CW

1    A Party or Non-Party that makes original documents or materials available for inspection

2    need not designate them for protection until after the inspecting Party has indicated which

3    material it would like copied and produced. During the inspection and before the designation, all

4    of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

5    ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

6    copied and produced, the Producing Party must determine which documents, or portions thereof,

7    qualify for protection under this Order. Then, before producing the specified documents, the

8    Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

9    CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected

10   Material. If only a portion or portions of the material on a page qualifies for protection, the

11   Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

12   markings in the margins) and must specify, for each portion, the level of protection being

13   asserted.

14   (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

15   Designating Party identify on the record, before the close of the deposition, hearing, or other

16   proceeding, all protected testimony and specify the level of protection being asserted. When it is

17   impractical to identify separately each portion of testimony that is entitled to protection and it

18   appears that substantial portions of the testimony may qualify for protection, the Designating

19   Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

20   a right to have up to 21 days after receiving a certified copy of the deposition to identify the

21   specific portions of the testimony as to which protection is sought and to specify the level of

22   protection being asserted. Only those portions of the testimony that are appropriately designated

23   for protection within the 21 days shall be covered by the provisions of this Protective Order.

24   Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if

25   that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or

26   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

27   **Parties shall give the other parties notice if they reasonably expect a deposition,**

28   **hearing or other proceeding to include Protected Material so that the other parties can**

DONAHUE
GALLAGHER WOODS
LLP
ATTORNEYS AT LAW
OAKLAND

- 5 -

PROTECTIVE ORDER                    CASE NO. 4:13-MC-80293-CW

1   **ensure that only authorized individuals who have signed the "Acknowledgment and**

2   **Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a**

3   **document as an exhibit at a deposition shall not in any way affect its designation as**

4   **"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."**

5   **Transcripts containing Protected Material shall have an obvious legend on the title**

6   **page that the transcript contains Protected Material, and the title page shall be followed by**

7   **a list of all pages (including line numbers as appropriate) that have been designated as**

8   **Protected Material and the level of protection being asserted by the Designating Party. The**

9   **Designating Party shall inform the court reporter of these requirements. Any transcript**

10   **that is prepared before the expiration of the 21-day period for designation shall be treated**

11   **during that period as if it had been designated "HIGHLY CONFIDENTIAL –**

12   **ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration**

13   **of that period, the transcript shall be treated only as actually designated.**

14   (c) for information produced in some form other than documentary and for any other

15   tangible items, that the Producing Party affix in a prominent place on the exterior of the container

16   or containers in which the information or item is stored the legend "CONFIDENTIAL" or

17   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of

18   the information or item warrant protection, the Producing Party, to the extent practicable, shall

19   identify the protected portion(s) and specify the level of protection being asserted.

20   5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

21   designate qualified information or items does not, standing alone, waive the Designating Party's

22   right to secure protection under this Order for such material. Upon timely correction of a

23   designation, the Receiving Party must make reasonable efforts to assure that the material is

24   treated in accordance with the provisions of this Order.

25   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

26   6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

27   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

28   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

DONAHUE
GALLAGHER WOODS
LLP
ATTORNEYS AT LAW
OAKLAND

- 6 -

PROTECTIVE ORDER                                   CASE NO. 4:13-mc-80293-CW

1   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

2   challenge a confidentiality designation by electing not to mount a challenge promptly after the

3   original designation is disclosed.

4      6.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution

5   process by providing written notice of each designation it is challenging and describing the basis

6   for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

7   notice must recite that the challenge to confidentiality is being made in accordance with this

8   specific paragraph of the Order. The parties shall attempt to resolve each challenge in good faith

9   and must begin the process by conferring directly (in voice to voice dialogue; other forms of

10  communication are not sufficient) within 14 days of the date of service of notice. In conferring,

11  the Challenging Party must explain the basis for its belief that the confidentiality designation was

12  not proper and must give the Designating Party an opportunity to review the designated material,

13  to reconsider the circumstances, and, if no change in designation is offered, to explain the basis

14  for the chosen designation. A Challenging Party may proceed to the next stage of the challenge

15  process only if it has engaged in this meet and confer process first or establishes that the

16  Designating Party is unwilling to participate in the meet and confer process in a timely manner.

17     6.3   Judicial Intervention. If the Parties cannot resolve a challenge without court

18  intervention, the Designating Party shall file and serve a motion in this Court to retain

19  confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

20  applicable) within 21 days of the initial notice of challenge or within 14 days of the parties

21  agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.

22  Failure by the Designating Party to make such a motion including the required declaration within

23  21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for

24  each challenged designation. After three challenges by a Party, the burden shall shift to the

25  Challenging Party to file and serve a motion in this Court to resolve the issue of confidentiality.

26  In addition, the Challenging Party may file a motion challenging a confidentiality designation at

27  any time if there is good cause for doing so, including a challenge to the designation of a

28  deposition transcript or any portions thereof. Any motion brought pursuant to this provision must

DONAHUE
GALLAGHER WOODS
LLP
ATTORNEYS AT LAW
OAKLAND

- 7 -

PROTECTIVE ORDER

CASE NO. 4:13-mc-80293-CW

1    be accompanied by a competent declaration affirming that the movant has complied with the meet

2    and confer requirements imposed by the preceding paragraph.

3         The burden of persuasion in any such challenge proceeding shall be on the Designating

4    Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

5    unnecessary expenses and burdens on other parties) may expose the Challenging Party to

6    sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

7    file a motion to retain confidentiality as described above, all parties shall continue to afford the

8    material in question the level of protection to which it is entitled under the Producing Party's

9    designation until the court rules on the challenge.

10   7.    ACCESS TO AND USE OF PROTECTED MATERIAL

11        7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

12   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

13   defending, or attempting to settle the Action. Such Protected Material may be disclosed only to

14   the categories of persons and under the conditions described in this Order. When the litigation has

15   been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

16   DISPOSITION).

17        Protected Material must be stored and maintained by a Receiving Party at a location and

18   in a secure manner, including storing electronic Protected Material in password-protected form,

19   that ensures that access is limited to the persons authorized under this Order.

20        7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

21   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

22   information or item designated "CONFIDENTIAL" only to:

23        (a) the Receiving Party's Outside Counsel of Record in the Action, as well as employees

24   of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

25   for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that

26   is attached hereto as Exhibit A;

27        (b) the officers, directors, and employees (including House Counsel) of the Receiving

28   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

DONAHUE
GALLAGHER WOODS
LLP
ATTORNEYS AT LAW
OAKLAND

- 8 -

PROTECTIVE ORDER                    CASE NO. 4:13-MC-80293-CW

1   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2       (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

3   reasonably necessary for this litigation and who have signed the "Acknowledgment and

4   Agreement to Be Bound" (Exhibit A);

5       (d) the court and its personnel;

6       (e) court reporters and their staff, professional jury or trial consultants, and Professional

7   Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

8   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9       (f) during their depositions, witnesses in the action to whom disclosure is reasonably

10  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

11  **unless otherwise agreed by the Designating Party or ordered by the court**. Pages of

12  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

13  separately bound by the court reporter and may not be disclosed to anyone except as permitted

14  under this Protective Order.

15      (g) the author or recipient of a document containing the information or a custodian or

16  other person who otherwise possessed or knew the information.

17      7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

18  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

19  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

20  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

21      (a) the Receiving Party's Outside Counsel of Record in the Action, as well as employees

22  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

23  for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that

24  is attached hereto as Exhibit A;

25      (b) Designated House Counsel of the Receiving Party (1) who has no involvement in

26  competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation,

27  (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (4) as to

28  whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed; and (5)

- 9 -

DONAHUE
GALLAGHER WOODS
LLP
ATTORNEYS AT LAW
OAKLAND

PROTECTIVE ORDER                    CASE No. 4:13-mc-80293-CW

viewing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information only if it is filed with the trial or appeals court under seal, or in the presence of Outside Counsel of Record at their offices.

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making. Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order must disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making responsibilities.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item

- 10 -

DONAHUE
GALLAGHER WOODS
LLP
ATTORNEYS AT LAW
OAKLAND

PROTECTIVE ORDER

CASE NO. 4:13-mc-80293-CW

1  that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant

2  to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies

3  the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

4  information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the

5  full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy

6  of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each

7  person or entity from whom the Expert has received compensation or funding for work in his or

8  her areas of expertise or to whom the expert has provided professional services, including in

9  connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by

10  name and number of the case, filing date, and location of court) any litigation in connection with

11  which the Expert has offered expert testimony, including through a declaration, report, or

12  testimony at a deposition or trial, during the preceding five years.

13  (b) A Party that makes a request and provides the information specified in the preceding

14  respective paragraphs may disclose the subject Protected Material to the identified Designated

15  House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a

16  written objection from the Designating Party. Any such objection must set forth in detail the

17  grounds on which it is based.

18  (c) A Party that receives a timely written objection must meet and confer with the

19  Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

20  agreement within seven days of the written objection. If no agreement is reached, the Party

21  seeking to make the disclosure to Designated House Counsel or the Expert may file a motion in

22  this Court as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

23  applicable) seeking permission from this Court to do so. Any such motion must describe the

24  circumstances with specificity, set forth in detail the reasons why the disclosure to Designated

25  House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure

26

27

28

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

DONAHUE
GALLAGHER WOODS
LLP
ATTORNEYS AT LAW
OAKLAND

PROTECTIVE ORDER                    CASE NO. 4:13-mc-80293-CW

1   would entail, and suggest any additional means that could be used to reduce that risk. In addition,

2   any such motion must be accompanied by a competent declaration describing the parties' efforts

3   to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

4   discussions) and setting forth the reasons advanced by the Designating Party for its refusal to

5   approve the disclosure.

6        In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

7   Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

8   (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

9   Material to its Designated House Counsel or Expert.

10   8.     [Intentionally omitted.]

11   9.     [Intentionally omitted.]

12   10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

13

14        If a Party is served with a subpoena or a court order issued in other litigation, not

15   including the Action, that compels disclosure of any information or items designated in this action

16   as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that

17   Party must:

18        (a) promptly notify in writing the Designating Party. Such notification shall include a

19   copy of the subpoena or court order;

20        (b) promptly notify in writing the party who caused the subpoena or order to issue in the

21   other litigation that some or all of the material covered by the subpoena or order is subject to this

22   Protective Order. Such notification shall include a copy of this Protective Order; and

23        (c) cooperate with respect to all reasonable procedures sought to be pursued by the

24   Designating Party whose Protected Material may be affected.[2]

25        If the Designating Party timely seeks a protective order, the Party served with the

26

27

28

---

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

DONAHUE
GALLAGHER WOODS
LLP
ATTORNEYS AT LAW
OAKLAND

1   subpoena or court order shall not produce any information designated in this action as

2   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

3   determination by the court from which the subpoena or order issued, unless the Party has obtained

4   the Designating Party's permission. The Designating Party shall bear the burden and expense of

5   seeking protection in that court of its confidential material – and nothing in these provisions

6   should be construed as authorizing or encouraging a Receiving Party in this action to disobey a

7   lawful directive from another court.

8   11.    [Intentionally omitted.]

9   12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

10         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

11  Protected Material to any person or in any circumstance not authorized under this Protective

12  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

13  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

14  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

15  made of all the terms of this Order, and (d) request such person or persons to execute the

16  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

17  13.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>
18         <u>MATERIAL</u>

19         When a Producing Party gives notice to Receiving Parties that certain inadvertently

20  produced material is subject to a claim of privilege or other protection, after being notified, a

21  party must promptly return or destroy the specified information and any copies it has and may not

22  sequester, use or disclose the information until the claim is resolved. This includes a restriction

23  against presenting the information to the court for a determination of the claim.

24  14.    <u>MISCELLANEOUS</u>

25         14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to

26  seek its modification by the court in the future.

27         14.2    <u>Right to Assert Other Objections</u>. No Party waives any right it otherwise would

28  have to object to disclosing or producing any information or item on any ground not addressed in

DONAHUE
GALLAGHER WOODS
LLP
ATTORNEYS AT LAW
OAKLAND

- 13 -

PROTECTIVE ORDER                           CASE NO. 4:13-MC-80293-CW

1    this Protective Order. Similarly, no Party waives any right to object on any ground to use in

2    evidence of any of the material covered by this Protective Order.

3         14.3    [Intentionally omitted.]

4         14.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party

5    or a court order secured after appropriate notice to all interested persons, a Party may not file in

6    the public record any Protected Material. A Party that seeks to file under seal any Protected

7    Material must comply with the local rules of that court.

8    15.    <u>FINAL DISPOSITION</u>

9         Within 60 days after the final disposition of the Action, as defined in paragraph 4, each

10   Receiving Party must return all Protected Material to the Producing Party or destroy such

11   material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

12   compilations, summaries, and any other format reproducing or capturing any of the Protected

13   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

14   submit a written certification to the Producing Party (and, if not the same person or entity, to the

15   Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

16   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

17   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

DONAHUE
GALLAGHER WOODS
LLP
ATTORNEYS AT LAW
OAKLAND

- 14 -

PROTECTIVE ORDER

CASE NO. 4:13-MC-80293-CW

1   capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

2   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

3   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

4   product, and consultant and expert work product, even if such materials contain Protected

5   Material. Any such archival copies that contain or constitute Protected Material remain subject to

6   this Protective Order as set forth in Section 4 (DURATION).

7          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8   Dated: January ___9th___, 2014                     DONAHUE GALLAGHER WOODS LLP

9

10                                                     By: _____

11                                                         Julie E. Hofer
                                                           Attorneys for Crossroads Trading Co., Inc.
12

13   Dated: January ___9___, 2014                      JOHNSON & PHAM, LLP

14

15                                                     By: _____

16                                                         Jason R. Vener
                                                           Attorneys for Forever 21, Inc.
17

18   PURSUANT TO STIPULATION, IT IS SO ORDERED.

19   Dated: __January 10, 2014__               _____

20                                             United States Magistrate Judge
                                               Hon. Jacqueline Scott Corley
21

22

23

24

25

26

27

28

DONAHUE
GALLAGHER WOODS
LLP
ATTORNEYS AT LAW
OAKLAND

- 15 -

PROTECTIVE ORDER                                    CASE NO. 4:13-mc-80293-CW

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Forever 21, Inc. v. National Stores, Inc.*, Case No. 4:13-mc-80293-CW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]

DONAHUE
GALLAGHER WOODS
LLP
ATTORNEYS AT LAW
OAKLAND

PROTECTIVE ORDER

CASE NO. 4:13-mc-80293-CW